# UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

_____

## No. 95-60374
_____

### ANTHONY MARINELLO,

Plaintiff-Appellant,

versus

### PHILLIP A. BUSHBY AND
### H. DWIGHT MERCER,
### in their individual capacities,

Defendants-Appellees.

_____

### Appeal from the United States District Court
### for the Northern District of Mississippi
### (1:95CV167-D-D)
_____

### January 25, 1996

Before REAVLEY, HIGGINBOTHAM, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Anthony Marinello appeals the denial of his motion for a preliminary injunction. Because the district court did not abuse its discretion when it concluded that Marinello failed to demonstrate a substantial likelihood of success on the merits, as required by *Canal Authority of Florida v. Callaway*, 489 F.2d 567 (5th Cir. 1974), we **AFFIRM**.

---

[*] Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

In the Fall of 1994, Anthony Marinello was pursuing a degree in veterinary medicine at Mississippi State University when, in his third year, of a four-year course of study, he received a grade of "D" in one of his courses. By a letter distributed to veterinary school faculty and the Dean, Marinello appealed the "D". The letter contained, however, statements asserting unprofessional and corrupt behavior on the part of several faculty members.

The Academic and Professional Standards Committee, the veterinary college body responsible for handling grade appeals, recommended that the Dean uphold the grade of "D", and Marinello was so advised. In addition, by letter to the Dean, one of the veterinary college professors criticized in Marinello's grade appeal letter complained that Marinello had violated standards of reasonable professional behavior by making false statements in his letter.

The Dean notified Marinello of the professor's charges and referred the matter to a second veterinary college committee, the Academic and Professional Standards Select Committee, for consideration of both the professor's complaint and Marinello's claim, articulated in his grade appeal letter, that he had been verbally harassed by a faculty member and mistreated by other faculty members. Marinello was notified and given the opportunity to submit documents, identify witnesses he wanted interviewed, and to make a personal oral presentation to the committee.

The second committee reported to the Dean that it had found that Marinello had made false statements regarding faculty in the grade appeal letter. It found further that the statements violated the professional guidelines applicable to veterinary students.

In his letter to Marinello reporting the second committee's findings, the Dean informed Marinello that he was placed on disciplinary probation as a result of his breach of the conduct normally expected of a professional student and directed Marinello to, *inter alia*, provide the Dean with an essay synopsizing the Principles of Veterinary Medical Ethics and discussing the application of those principles to the actions that Marinello had taken during the grade appeal process.[1] The Dean's letter advised Marinello that his admission to phase four (final year) of his studies was contingent upon his compliance with the Dean's directions.

Marinello sought review by a University committee of both the grade appeal and the complaints regarding his letter (and the Dean's resulting disciplinary action). This committee also upheld the grade determination, as well as the Dean's assignment.

When Marinello's admission to phase four of his veterinary training was denied because of his failure to complete the Dean's assignment, he filed this action. After granting a temporary restraining order, the district court denied a preliminary injunction, ruling that Marinello had failed to carry his burden of

---

[1]    The constitutionality *vel non* of these principles is not in issue on this appeal.

establishing the existence of a substantial likelihood that he would prevail on the merits.

## II.

Marinello challenges the denial of a preliminary injunction on three bases: (1) violation of his First Amendment rights, in that he was punished for the expression of his views in his letter; (2) violation of his First Amendment rights, in that he was required to profess a belief that his actions were unethical; and (3) violation of his rights to due process, in that he was not afforded a meaningful hearing before denial of his admission to the final phase of his veterinary training.

As the district court stated, a preliminary injunction is "an extraordinary measure" that can be "rarely granted". We will reverse the denial of a preliminary injunction "only under extraordinary circumstances", *White v. Carlucci*, 862 F.2d 1209, 1211 (5th Cir. 1989), with our review being limited to whether the district court abused its discretion. *Apple Barrel Productions, Inc. v. Beard*, 730 F.2d 384, 386 (5th Cir. 1984). We cannot simply substitute our judgment for that of the district court, "else that court's announced discretion would be meaningless". *Enterprise Int'l, Inc. v. Corporacion Estatal Petrolera Ecuatoriana*, 762 F.2d 464, 472 (5th Cir. 1985).

## A.

The standard by which the college regulated Marinello's speech mirrors that standard by which he would be measured once admitted to the profession for which his degree was to prepare him. The

school's efforts constituted a legitimate educational mission. There was no abuse of discretion as to this claim.

## B.

Marinello claims an additional First Amendment injury, asserting that he was required to make an admission of unethical conduct before the college would admit him to phase four. Considering both the possibility that no admission was required and the possibility that the scope of the admission, if it was in fact required, was sufficiently narrow to serve the school's legitimate educational goals, the court found that Marinello had failed to demonstrate the requisite substantial likelihood of success on the merits of this claim. We agree.

## C.

Finally, Marinello asserts that he was denied procedural due process. To succeed on such a claim, he first must identify a property or liberty interest triggering due process protections. *Cleveland Board of Education v. Loudermill*, 470 U.S. 532, 538-39 (1985). And, "[t]he fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner". *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976) (internal citations omitted).

We need not address whether Marinello held the requisite property interest in admission to the fourth phase of the program because, even assuming its existence, Marinello has not shown, as discussed below, a substantial likelihood of success on the merits of this due process claim.

- 5 -

Before the district court was evidence that Marinello was afforded review by three separate bodies at the University. After having the matter considered by two veterinary college committees, Marinello pursued review by a University committee.

Marinello appealed the grade decision (reached by the Academic Standards Committee) and indicated in that appeal that he requested the University Academic Review Committee, a higher level committee outside the veterinary program, to review, in addition to the grade, the Dean's requirements imposed as a result of the findings of the Academic Performance and Professional Standards Select Committee. Marinello received, from this University committee, notice of its intent to meet and copies of the materials submitted to the committee. Marinello was invited to be present during the proceedings, to submit any documentary evidence he requested the committee to review, and to call and confront witnesses. The committee voted to uphold both the grade and the Dean's probation action.

When Marinello failed to take the action required by the Dean, the Dean invited Marinello, by an April 11, 1995, letter, to meet to discuss resolution of the problem. By this point, all of the University's review processes had been exhausted. Even after Marinello's admission was denied and the district court, by temporary restraining order, directed the school to admit Marinello, yet another meeting was scheduled for the purpose of allowing Marinello to comply with the Dean's requirements.

### III.

For the foregoing reasons, the denial of preliminary injunctive relief is

**AFFIRMED.**